VI Project accounts. The Agent will maintain and safeguard the Owner's project financial accounts and tenant security deposit accounts according to the current requirements set forth in paragraph XIII B 2 of Exhibit B of Subpart C of Part 1930 of this chapter, which is part of the "Multiple Housing Management Handbook."

VII Agent's compensation, tenure, and identification.

A Agent's compensation. The Agent will be compensated for its services for providing management described under this agreement, and the Owner's management plan, by monthly fees, to be paid from the general operating account and treated as a project operation and maintenance expense. Such fees will be payable on the first day of each month for the preceding month. Each monthly fee will be in an amount computed as follows:

(The following are acceptable methods in no order of preference. Any other method of compensation will be fully described and inserted in this section.) The costs incurred by the Agent for performing the specified services listed in this agreement shall be allocated to the owner and Agent as outlined in the agreement, management plan, and approved project budget.

1. $ _____/occupied unit on the first of a month.

2. % of cash rent collected. (Plan I and full profit)

3. % of basic rents collected. (Plan II)

4. $636.00 per month.

Maximum annual compensation under this agreement and the approved project budget shall be $ 7632 /year.

B Term of agreement. This agreement shall be in effect for a period of not more than 3 years, beginning on the 1 day of april 2004, subject, however, to the following conditions:

1 This agreement will not be binding upon the Principal Parties until approved by FmHA.

2 This agreement may be terminated by mutual consent of the principal parties as of the end of any calendar month, provided that at least 30 days advance written notice thereof with reasons given is submitted to FmHA.

3 In the event that a petition in bankruptcy is filed by or against either of the Principal Parties, or in the event that either makes an assignment for the benefit of creditors or takes advantage of any insolvency act, the other party may terminate this agreement without notice to the other, provided that prompt written notice with reasons given for such termination is submitted to FmHA.

4 It is expressly understood and agreed by and between the Principal Parties that the State Director may terminate this agreement with cause upon the issuance of a 30-day written notice of cancellation to each of the Principal Parties. It is further understood and agreed that no liability will attach to either of the Principal Parties in the event of such termination.

5 Upon termination of this agreement, the Agent will submit to the Owner all project books and records and any financial statements required by the FmHA. After the Principal Parties have accounted to each other with respect to all matters outstanding as of the date of termination, the Owner will furnish the Agent security, in form and Principal amount satisfactory to the Agent, against any obligations or liabilities which the Agent may properly have incurred on behalf of the Owner hereunder.

C <u>Agent's indemnification</u>. Notwithstanding any provision of this agreement or any obligation of Agent hereunder, it is understood and agreed: that Owner has assumed and will maintain its responsibility and obligation throughout the term of this agreement for the finances and the financial stability of the project; and that Agent shall have no obligation, responsibility, or liability to fund authorized project costs, expenses, or accounts other than those funds generated by the project itself or provided to the project or to Agent by Owner. In accordance with the foregoing, Owner agrees that Agent shall have the right at all times to secure payment of its compensation, as provided for under paragraph VII A of this agreement, from the operating and maintenance account, immediately when such compensation is due and without regard to other project obligations or expenses provided the Agent has satisfactorily discharged all duties and responsibilities under this agreement. Moreover, Owner hereby indemnifies Agent and agrees to hold it harmless with respect to project costs, expenses, accounts, liabilities, and obligations during the term of this agreement and further agrees to guarantee to Agent the payment of its compensation under paragraph VII A of this agreement during the term of this agreement to the extent that the project's operating and maintenance account is insufficiently funded for this purpose. Failure of Owner at any time to abide by and to fulfill the foregoing shall be a breach of this agreement entitling Agent to obtain from Owner, upon demand, full payment of all compensation owed to Agent through the date of such breach and entitling Agent, at its option, to terminate this agreement forthwith.

VIII <u>Interpretative provisions</u>.

A This agreement constitutes the entire agreement between the Owner and the Agent with respect to the management and operation of the project. No change will be valid unless made by supplemental written agreement approved by FmHA.

B This agreement has been executed in several counterparts, each of which shall constitute a complete original agreement, which may be introduced in evidence or used for any other purpose without production of any of the other counterparts.

C This agreement is NOT in full force and effect unless and until concurred with by FmHA.

D At all times, this agreement will be subject and subordinate to all rights of the FmHA, and will work to the benefit of and constitute a binding obligation upon the Principal Parties and their respective successors and assigns. To the extent that this agreement confers rights upon the consenting parties, it will be deemed to work to their benefit, but without liability to either, in the same manner and work with the same effect as though the consenting parties were primary parties to the agreement.

The Principal Parties [by their duly authorized officers] have executed this agreement on the date first above written.

OWNER: Robbie Carpenter/Maxine Carpenter
By: Robbie Carpenter
Title: Owner

AGENT: Joyce M. Johnson
By: Joyce M Johnson
Title: Manager

As lender or insurer of funds to defray certain costs of the project and without liability for any payments hereunder, the Farmers Home Administration hereby concurs with this agreement.

Farmers Home Administration

By: [signature]

Title: MFH Specialist

Date: 4/19/04

Attachments: Management plan
Loan resolution or agreement
Identity of interest disclosure certificate

oOo