# In the United States Court of Federal Claims

| | |
|---|---|
| ROBERTA R. CARPENTER , SURVIVING JOINT COTENANT, Plaintiff, | No. 04-1740 C |
| v. | Filed July 26, 2005 |
| THE UNITED STATES OF AMERICA, Defendant. | |

ORDER

The Court and counsel for the parties held a telephonic status conference in this case on July 25, 2005 to discuss the relationship between defendant's motion to dismiss, filed February 7, 2005, and ADR proceedings that are now on-going before Judge Marian Blank Horn in eight related cases involving the same counsel. The parties had earlier requested, and the Court had granted, stays of proceedings in three other cases on this Court's docket that are similar to those before Judge Horn pending the outcome of the ADR proceedings. However, the parties had not requested that proceedings in this case be stayed.

The parties stated that they wished this case to proceed and were not concerned, at least for the time being, about the effect on the ADR process of a ruling by this Court on defendant's motion to dismiss.

After some discussion of the parties' arguments on the motion, the Court **ordered** that plaintiff's counsel file a supplemental brief on or before August 22, 2005 addressing the question whether, under Montana or other applicable law, plaintiff's having acquired title to the properties by reason of the right of survivorship means not only that Roberta Carpenter is the successor in interest of Maxine Carpenter with respect to ownership of the properties but also that Roberta stepped into the shoes of the borrower, Maxine, and became subject to the rights and obligations set forth in the promissory notes to the same extent that Maxine had been. In that regard, the Court requests that counsel for plaintiff address the argument set forth at pages 3 and 4 of defendant's reply brief to the effect that acquisition of real property subject to a mortgage does not in itself entail the assumption of the debt secured by the mortgage, and does not place the acquiring party in the position of the borrower with respect to the rights and obligations created

by the note, citing the *Chrysler First* case and the *Restatement (Third) of Property (Mortgages)*, § 5.2(d). The Court also requests that counsel for plaintiff address the argument set forth in footnote 1 on page 3 of defendant's reply brief to the effect that even if in some circumstances a transfer of property securing a promissory note could be construed to effect a transfer of the rights and obligations contained in the note, the transfer in this case could not be so construed because it would be contrary to the express terms of the notes in question. In that regard, the Court requests that plaintiff describe with specificity the facts that she contends establish that the Government gave its "written consent" to the transfer of the properties from Maxine to herself and Roberta as joint tenants with right of survivorship and to the transfer from Maxine to Roberta as sole owner by virtue of Roberta's having survived Maxine.

The Court also **ordered** that defendant file a response to plaintiff's supplemental brief by September 16, 2005. The Court requests that in its response defendant address the arguments set forth by plaintiff in its supplemental brief and also address the argument set forth at pages 7-10 of plaintiff's opposition to defendant's motion to dismiss, filed April 21, 2005, to the effect that under Montana law the rights and obligations set forth in the contract documents run with the land and therefore plaintiff became subject to the rights and obligations set forth in the notes when she acquired her interest in the properties.

The Court further requested that counsel for plaintiff file, with his August 22, 2005 supplemental brief, a list identifying the eight cases pending in ADR before Judge Horn, the 40 or 50 similar cases that are stayed, and the remaining similar cases that are proceeding forward. For each such case, the Court requested that counsel provide the docket number and the name of the judge of this court to whom the case is assigned. The list should be filed after consultation with counsel for defendant and should be a list that reflects the agreement of counsel for plaintiff and defendant.

IT IS SO ORDERED.

/s George W. Miller
GEORGE W. MILLER
Judge