# Time Certificate of Deposit

**Financial Institution:** The Continental National Bank, The Continental National Bank Main Branch
32 N. Central Ave., P.O. Box 247, Harlowton, MT 59036-0247

8067

**Account Name:** PROJECT 1 APARTMENT-RESERVE, ROBBIE CARPENTER, LAURA L HORN, KATHY D ARCHER or JOYCE M JOHNSON

**SSN/TIN:** 517866953

| Account Number | Issue Date | Deposit Amount | Term | Maturity Date |
|---|---|---|---|---|
| 8067 | October 5, 2001 | $1,300.00 | 1 Years | October 5, 2002 |

**Rate Information:** This Account is an interest bearing account. The interest rate on the account is 4.15% with an annual percentage yield of 4.24%.

The interest rate and annual percentage yield will not change for the term of the account. The interest rate will be in effect until October 5, 2002. Interest begins to accrue on the business day you deposit noncash items (for example, checks). Interest will be compounded daily and will be credited to the account quarterly. Interest on your account will be credited by adding the interest to the principal. The annual percentage yield assumes interest will remain on deposit until maturity. A withdrawal will reduce earnings.

**Balance Information:** We use the daily balance method to calculate the interest on the account. This method applies a daily periodic rate to the principal in the account each day. We will use an interest accrual basis of 365 for each day in the year.

**Limitations:** You may not make additional deposits into this account. You may not make withdrawals from your account until the maturity date.

**Time Account Information:** Your account will mature on October 5, 2002. If you withdraw any of the principal before the maturity date, we may impose a penalty of an amount equal to 90 days interest on the amount withdrawn. This account will automatically renew. You will have 10 days after the maturity date to withdraw funds without penalty.

**Account Fees:** The following fees apply to this account: Account Research: $10.00 per hour; Account Bal. Assistance: $10.00 per hour; and Account Printout: $1.00.

NON TRANSFERABLE - NON NEGOTIABLE | **Member FDIC** | Signature and Title of Authorized Financial Institution Signer: Kelli J. Berg

## TIME DEPOSIT AGREEMENT - 1 YEAR CERTIFICATE OF DEPOSIT

We appreciate your decision to open a time deposit account with us. This Agreement sets forth certain conditions, rates, and rules that are specific to your Account. Each signer acknowledges that the Account Holder named has placed on deposit with the Financial Institution the Deposit Amount indicated, and has agreed to keep the funds on deposit until the Maturity Date. As used in this Agreement, the words "you", "your" or "yours" mean the Account Holder(s), the word "Account" means this Time Deposit Account and the word "Agreement" means this Time Deposit Agreement, and the words "we", "us" and "our" mean the Financial Institution. This Account is effective as of the Issue Date and is valid as of the date we receive credit for noncash items (such as checks drawn on other financial institutions) deposited to open the Account. Deposits of foreign currency will be converted to U.S. funds as of the date of deposit and will be reflected as such on our records.

**ISSUE DATE.** If you open a time deposit account with us after 3:30 PM on a business day that we are open, we will consider that the transaction was made at the opening of the next business day for issue date and effective date purposes.

**INTEREST RATE.** The interest rate is the annual rate of interest paid on the Account which does not reflect compounding ("Interest Rate"), and is based upon the interest accrual basis described above.

**AUTOMATIC RENEWAL POLICY.** If the Account will automatically renew as described above, the principal amount and all paid earned interest that has not been withdrawn will automatically renew on each Maturity Date for an identical period of time as the original deposit term. Interest on renewed accounts will be calculated at the interest rate then in effect for time deposits of that Deposit Amount and term. If you wish to withdraw funds from your Account, you must notify us during the grace period after the Maturity Date.

**EARLY WITHDRAWAL PENALTY.** You have agreed to keep the funds on deposit until the Maturity Date of your Account. Any withdrawal of all or part of the funds from your Account prior to maturity may result in an early withdrawal penalty. We will consider requests for early withdrawal and, if granted, the penalty as specified above will apply.

**Minimum Required Penalty.** If you withdraw money within six (6) days after the date of deposit, the Minimum Required penalty is seven (7) days' simple interest on the withdrawn funds. If partial early withdrawal(s) are permitted, we are required to impose the Minimum Required Penalty on the amount(s) withdrawn within six (6) days after each partial withdrawal. The early withdrawal penalty may be more than the Minimum Required Penalty. You pay the early withdrawal penalty by forfeiting part of the accrued interest on the Account. If your Account has not earned enough interest, or if the interest has been paid, we take the difference from the principal amount of your Account.

**Exceptions.** We may let you withdraw money from your Account before the Maturity Date without an early withdrawal penalty: (1) when one or more of you dies or is determined legally incompetent by a court or other administrative body of competent jurisdiction; or (2) when the Account is an Individual Retirement Account (IRA) established in accordance with 26 USC 408 and the money is paid within seven (7) days after the Account is opened; or (3) when the Account is a Keogh Plan (Keogh), if you forfeit at least the interest earned on the withdrawn funds; or (4) if the Account is an IRA or a Keogh Plan established pursuant to 26 USC 408 or 26 USC 401, when you reach age 59 1/2 or become disabled; or (5) within an applicable grace period (if any).

**RIGHT OF SETOFF.** Subject to applicable law, we may exercise our right of setoff or security interest against any and all of your Accounts (except IRA, Keogh plan and Trust Accounts) without notice, for any liability or debt of any of you, whether joint or individual, whether direct or contingent, whether now or hereafter existing, and whether arising from overdrafts, endorsements, guarantees, loans, attachments, garnishments, levies, attorneys' fees, or other obligations. If the Account is a joint or multiple-party account, each joint or multiple-party account holder authorizes us to exercise our right of setoff against any and all Accounts of each Account Holder.

**OTHER ACCOUNT RULES.** The following rules also apply to the Account.

**Surrender of Instrument.** We may require you to endorse and surrender this Agreement to us when you withdraw funds, transfer or close your Account. If you lose this Agreement, you agree to sign any affidavit of lost instrument, or other Agreement we may require, and agree to hold us harmless from liability, prior to our honoring your withdrawal or request.

**Death of Account Holder.** Each Account Holder agrees to notify us immediately upon the death of any other Account Holder. You agree that we may hold the funds in your Account until we have received all required documentation and instructions.

**Indemnity.** If you ask us to follow instructions that we believe might expose us to any claim, liability or damages, we may refuse to follow your instructions or may require a bond or other protection, including your agreement to indemnify us.

**Pledge.** You agree not to pledge your Account without our prior consent. You may not withdraw funds from your Account until all obligations secured by your Account are satisfied.

DEPOSIT PRO, Ver. 6.50 00 04 Copr. Harland Financial Solutions, Inc. 1998, 2001. All Rights Reserved. MT - MT - L-CRNTIBL760



Original

EXHIBIT D

# SURRENDER OF TIME DEPOSIT

CD # 8067

This certificate is hereby surrendered.

Date: ____________________

Number of Signers Required: Any one (1) of the Authorized Signers(s) shown below.

ACCOUNT HOLDER:

X____________________
ROBBIE CARPENTER

X____________________
LAURA L HORN

X____________________
KATHY D ARCHER

X____________________
JOYCE M JOHNSON

DEPOSIT PRO, Ver. [illegible] Copr. Harland Financial Solutions, Inc. [illegible] 2001. All Rights Reserved. [illegible]



Original

NEW

☐ C.D. ■ SAVINGS ☐ CHECKING ☐ IRA ☐ 941 950 0 **YELLOWSTONE BANK**

SOC. SEC. NO. OR IRS I.D. NO.: 517 86 6953

MAILING ADDRESS (STREET): 2204 Sunnyview Lane

PHONE: 245-2013

CITY: Billings, MT STATE ZIP: 59102

SIGNATURES — TITLES - WHEN USED

x Robbie Carpenter

Joyce M Johnson

x Kathy D. Archer

y Laura L Ha... USDA

☐ CORPORATION ☐ PROPRIETORSHIP ☐ TRUST
■ JOINT ☐ INDIVIDUAL ☐ MINOR
☐ ORGANIZATION ☐ PARTNERSHIP ☐ ESTATE

REPLACEMENT — DATE
ADDITIONAL SIG. — DATE
NUMBER OF SIGNATURES REQUIRED

TYPED NAME OF ACCOUNT: Carpenter, Robbie

TYPED ACCOUNT NUMBER: 941 950 0

signature card of Sage Apt. Reserve
Kathy & Laura for USDA

August 27, 2004

Robbie Carpenter
2935 Joan Lane
Billings, Montana 59102

Dear Ms. Carpenter:

This is to update our understanding of our agreement to resolve the appraisal issues surrounding three Rural Rental Housing (RRH) projects in Montana. The properties are the Sage Apartments in Columbus and Project I and Project II Apartments in Worden.

Through a joint selection process, you and I (Brett Morgan, the Multi-family Housing Processing Division Review Appraiser with the USDA Rural Housing Service) selected Steve Repac to conduct the final appraisals associated with this preservation transaction. The third and binding appraisal for each property is the final step in the three-appraisal process we jointly agreed to follow in a meeting held between Arthur Garcia, the Administrator at that time, and you on February 23, 2004. After further discussion and correspondence, we then jointly agreed to by-pass the first two appraisals for each property and immediately obtain the third binding appraisal for each property. These appraisals will be paid for jointly by both parties and the results will be used to determine the equity position of the three subject RRH properties.

Your representative, Joyce Johnson, was informed in an e-mail from me, dated August 5, 2004, that Steve Repac declined the appraisal assignment. Three other appraisers acceptable to the Agency were suggested. In an e-mail from Ms. Johnson to me, dated August 8, 2004, she informed me that you chose Charles Rutherford, MAI to perform the three appraisals. Mr. Rutherford was contacted by the Montana State Contracting Officer and agreed to accept the appraisal assignments. Funds from the National Office have been transferred to contract with Charles Rutherford, MAI to conduct these appraisals.

Once the appraisals are completed, I will review the appraisals to assure that they are USPAP compliant and meet the provisions of RD Instruction 1922-B. When the appraisals are confirmed to meet USPAP and Agency requirements, the results will then be used by the Montana State Office to prepare an incentive calculation worksheet to determine the equity loan amount that can be offered in an effort to preserve the three subject RRH projects. The Office of Rental Housing Preservation (ORHP) will then concur with the offer and it will be presented to you for your acceptance. Per our agreement, this will be the last appraisal obtained by the Agency for the purposes of resolving these issues.

In accordance with our agreement, you will provide half of the cost of the appraisal and you will have complete access to the appraisal reports. We will notify you separately how to make the payment.

If you should have any questions regarding this issue, please call me, 202-720-1620, or e-mail me at brett.morgan@usda.gov.

Sincerely,

Brett Morgan
National Office Review Appraiser
Multi-family Housing Processing Division
USDA / Rural Housing Service

**EXHIBIT E**

# CERTIFICATE OF AUTHORITY

(for Deposit Accounts)

**Account Holder:** ROBBIE CARPENTER DBA PROJECT II APARTMENT RESERVE
2204 SUNNYVIEW LN
BILLINGS, MT 59102-2220

**Financial Institution:** The Continental National Bank
The Continental National Bank Main Branch
32 N. Central Ave.
P.O. Box 247
Harlowton, MT 59036-0247

**IN CONSIDERATION OF the existing or proposed banking relationship between ROBBIE CARPENTER DBA PROJECT II APARTMENT RESERVE and Financial Institution**, the persons signing below jointly and severally and on behalf of ROBBIE CARPENTER DBA PROJECT II APARTMENT RESERVE represent to Financial Institution and certify to Financial Institution that:

**Account Holder. ROBBIE CARPENTER DBA PROJECT II APARTMENT RESERVE** is the complete and correct name of the Account Holder. The following is a complete list of all assumed business names, if any, under which ROBBIE CARPENTER DBA PROJECT II APARTMENT RESERVE does business. ROBBIE CARPENTER DBA PROJECT II APARTMENT RESERVE has filed assumed business name listings with the following governmental entities on the indicated dates:

**Signature Authorization.** The Financial Institution named above, at any one or more of its offices or branches, is designated as a depository for the funds of ROBBIE CARPENTER DBA PROJECT II APARTMENT RESERVE, which may be withdrawn on checks, drafts, advices of debit, notes or other orders for the payment of monies bearing the following appropriate number of signatures:

Any two (2) of the following named partners, employees or designated individuals of ROBBIE CARPENTER DBA PROJECT II APARTMENT RESERVE ("Agents"), whose actual signatures are shown below:

One of the signers must be a Rural Development Representative.

x *Robbie Carpenter*
ROBBIE CARPENTER, Owner

x *Joyce M Johnson*
JOYCE M JOHNSON, Designated Agent

x *Kathy Archer*
KATHY ARCHER, AGENT, RURAL DEVELPMENT

x *Laura L Horn*
LAURA L HORN, Agent, RURAL DEVELOPMENT

and that the Financial Institution shall be and is authorized to honor and pay the same whether or not they are payable to bearer or to the individual order of any Agent or Agents signing the same. The Financial Institution is hereby directed to accept and pay without further inquiry any item drawn against Account 8036 with the Financial Institution bearing the signature or signatures of Agents, as authorized above or otherwise, even though drawn or endorsed to the order of any Agent signing the same or tendered by such Agent for cashing or in payment of the individual obligation of such Agent or for deposit to the Agent's personal account, and the Financial Institution shall not be required or be under any obligation to inquire as to the circumstances of the issue or use of any item signed in accordance with the resolutions contained herein, or the application or disposition of such item or the proceeds of the item.

**Agent's Authority.** Any one of such Agents is authorized to endorse all checks, drafts, notes, and other items payable to or owned by Account Holder for deposit with the Financial Institution, or for collection or discount by the Financial Institution; and to accept drafts and other items payable at the Financial Institution.

The above named Agents are authorized and empowered to execute such other agreements, including, but not limited to, special depository agreements and arrangements regarding the manner, conditions, or purposes for which funds, checks, or items of Account Holder may be deposited, collected, or withdrawn and to perform such other acts as they deem reasonably necessary to carry out the provisions of these resolutions. The other agreements and other acts may not be contrary to the provisions contained in this Certificate of Authority.

**Duration.** The authority hereby conferred upon the above named Agents shall be and remain in full force and effect until written notice of any amendment or revocation thereof shall have been delivered to and received by the Financial Institution at each location where an account is maintained. Financial Institution shall be indemnified and held harmless from any loss suffered or any liability incurred by it in continuing to act in accordance with this authorization. Any such notice shall not affect any items in process at the time notice is given.

The rights of Financial Institution under this agreement are in addition to any other rights Financial Institution may have. Financial Institution need not accept this agreement for it to become effective. This agreement is dated: ______________.

ACCOUNT HOLDER:

x *Robbie Carpenter*
ROBBIE CARPENTER, Owner

x *Joyce M Johnson*
JOYCE M JOHNSON, Designated Agent

x *Kathy Archer*
KATHY ARCHER, AGENT, RURAL DEVELPMENT

x *Laura L Horn*
LAURA L HORN, Agent, RURAL DEVELOPMENT

Concentrex(tm) Account Opening, Ver 6.12.02.01 (c) Concentrex Incorporated 1996, 2001. All Rights Reserved. MT - MT - D:\APPS\...CFATUBL717

EXHIBIT F